UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:04-cr-0198-SEB-TAB |
| | ) | |
| JEREMY RAMON NUNN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 14, and March 28, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 17, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 17, 2022, defendant Jeremy Ramon Nunn appeared in person with his appointed counsel, Dominic Martin. The government appeared by Jeremy Fugate, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chad Ulmer, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Nunn of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Nunn questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Nunn and his counsel, who informed the court they had reviewed the Petition and that Mr. Nunn understood the violations alleged. The court summarized the alleged violations. Mr. Nunn waived further reading of the Petition.

3. The court advised Mr. Nunn of his right to a preliminary hearing and its purpose. Mr. Nunn was advised of the rights he would have at a preliminary hearing. Mr. Nunn stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Nunn of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Nunn, by counsel, stipulated that he committed Violation Numbers 1 (as to probable cause only), 3, and 6 as set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | On December 17, 2021, Mr. Nunn was arrested and charged with Possession of Cocaine (Felony), Invasion of Privacy (Misdemeanor), and Possession of Marijuana (Misdemeanor). The charges are pending in the Circuit Court of |

Case 1:04-cr-00198-SEB-TAB   Document 31   Filed 06/02/22   Page 3 of 5 PageID #: 79

Madison County, Indiana, under Cause No. 48C06-2112-F6-003378. According to the Probable Cause Affidavit, on December 17, 2021, police were dispatched to Mr. Nunn's residence following a domestic dispute. He was found to be in violation of a no contact order under Cause No. 48C06-2104-F6-000972, as he was observed in bed with the victim named in that cause. The offender was arrested for violating a protection order. During a search incident to his arrest, marijuana and cocaine were located in Mr. Nunn's shorts pocket. The substances were field tested for confirmation.

3   **"The defendant shall refrain from any excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

As previously reported to the Court, Mr. Nunn submitted urine samples on November 2, 2020 and May 25, 2021, which tested positive for cocaine.

6   **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

On March 9, 2022, Mr. Nunn rendered a urine sample for testing that returned positive for marijuana, which he denied using. Due to his initial denial of use of the drug, the sample was sent to the Alere Laboratory for additional testing and was confirmed positive for marijuana. Subsequently, Mr. Nunn admitted consuming marijuana the day he was released from federal custody on March 3, 2022.

6. The Court placed Mr. Nunn under oath and directly inquired of Mr. Nunn whether he admitted violation numbers 1 (as to probable cause only), 3, and 6 of his supervised release set forth above. Mr. Nunn admitted the violations as set forth above.

7. The Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8. The parties and the USPO further stipulated that:

    (a)   The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)   Mr. Nunn's criminal history category is VI.

3

  (c)  The range of imprisonment applicable upon revocation of Mr. Nunn's supervised release, therefore, is 21 - 27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.  The parties jointly recommended a sentence of twenty-one (21) months with no supervised release to follow. Defendant requested placement at FCC Terre Haute.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JEREMY RAMON NUNN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no supervised release to follow. The Magistrate Judge makes a recommendation of placement at FCC Terre Haute. The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

The parties stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Nunn entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Nunn's supervised release, imposing a sentence of imprisonment of twenty-one (21) months with no supervised release to follow. The Magistrate Judge makes a recommendation of placement at FCC Terre Haute. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 6/2/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system